# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN L. BAIRD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-2000-B |
| | § | |
| OTGONBAATAR SHAGDARSUREN | § | |
| & DBN CARRIER, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Kevin L. Baird's Motion to Determine the Applicability of Texas Civil Practice and Remedies Code § 18.001 (Doc. 52). Plaintiff requests that the Court hold that § 18.001 applies in this diversity case. Having considered the Motion, the filings, and the relevant law, the Court **DENIES** the Motion, finding the section "purely procedural" for the following reasons.

## I.

## BACKGROUND

This is a motor vehicle injury case brought by Plaintiff Kevin L. Baird to recover from Defendants Otgonbaatar Shagdarsuren and DBN Carrier. Doc. 1, Notice of Removal, 1. Plaintiff originally sued Defendants in the County Court at Law No. 3 of Dallas County, Texas, and Defendants removed the case to this Court based on diversity jurisdiction. *Id.* Plaintiff now seeks a determination as to whether Texas Civil Practice & Remedies Code § 18.001 is applicable in federal court. Doc. 52, Pl.'s Mot. Defendants have since responded (Doc. 61), and as the time for a reply

has passed, the Court now addresses the issue.

## II.

## LEGAL STANDARD

Under the *Erie* doctrine, "federal courts apply substantive state law when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (describing the holding in *Erie R.R. v. Tomkins*, 304 U.S. 64 (1938)). Courts first look to "the final decisions of the state's highest courts" to identify state substantive law. *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 (5th Cir. 1999). "When there is no ruling by the state's highest court, it is the duty of the federal court to determine as best it can, what the highest court of the state would decide." *Lampton v. Diaz*, 661 F.3d 897, 899 (5th Cir. 2011). To determine whether a certain provision is substantive or procedural under *Erie*, courts will adhere to the "twin aims" of the doctrine: discouragement of forum-shopping and avoidance of inequitable administration of the laws. *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990) (citing, *inter alia*, *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)).

## III.

## ANALYSIS

Texas Civil Practice & Remedies Code § 18.001 is a six-part section identifying the type of evidence Texas courts find sufficient to support a finding that a particular service was necessary or reasonable in cost. Tex. Civ. Prac. & Rem. Code § 18.001. This statute applies in civil actions other than those on sworn accounts. *Id.* § 18.001(a). Subsection 18.001(b) specifies when an affidavit is acceptable to support a finding of fact by the judge or jury:

Unless a controverting affidavit is served as provided by this section, an affidavit that

the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

*Id.* § 18.001(b). The affidavit must be made by the person who provided the service or the person in charge of the records and include an itemized statement of the service and charge. *Id.* § 18.001(c). The party offering the affidavit into evidence or the party's attorney must serve a copy of the affidavit on each other party at least 30 days before the evidence is first presented at trial. *Id.* § 18.001(d). A party who wishes to file a controverting affidavit without leave of court must do so not later than 30 days after receiving a copy of the affidavit, and at least 14 days before the day on which evidence is first presented at trial. *Id.* § 18.001(e). The final subsection prescribes the content and requirements of such a controverting affidavit. *Id.* § 18.001(f).

Plaintiff argues that § 18.001 in its entirety is substantive and applicable in federal court. Doc. 53, Pl.'s Br., 2. Defendants respond that § 18.001 is a purely procedural statute that should not be applicable in federal court, or in the alternative that only part of § 18.001 is substantive. Doc. 61, Defs.' Resp., 1.

Defendants rely in part on a decision from this district in which the court excluded affidavits after finding that § 18.001 is procedural rather than substantive. *Id.* at 3–4 (citing *Holland v. United States*, No. 3:14-cv-3780-L, ECF No. 35 (N.D. Tex. July, 21, 2016) (Lindsay, J.) (order)). The court in *Holland* relied on the Texas Supreme Court's characterization of § 18.001 as procedural to conclude that the statute is not applicable in federal court. *Holland*, No. 3:14-cv-3780-L, ECF No. 35, at 2 (citing *Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011)). The court in *Holland* also noted that the decision to allow § 18.001 affidavits in a previous case in the Northern District

of Texas was based on the absence of an explicit Texas Supreme Court characterization, which had now been resolved by *Haygood*. *See id.* at 1–2 (distinguishing *Rahimi v. United States*, 474 F. Supp. 2d 825, 828–29 (N.D. Tex. 2006) (Sanderson, M.J.) (concluding that disallowing § 18.001 would deprive the plaintiff of significant alternative means to proving damages)).

The Court finds Judge Lindsay's analysis in *Holland* persuasive. In *Haygood*, the Texas Supreme Court explicitly stated that § 18.001 is "*purely procedural*, providing for the use of affidavits to streamline proof of the reasonableness and necessity of medical expenses." *Haygood*, 356 S.W.3d at 397 (emphasis added). Indeed, the Texas Supreme Court reiterated that § 18.001 affidavits are "purely procedural" matters in 2018. *Gunn v. McCoy*, 554 S.W.3d 645, 674 (Tex. 2018) ("We reiterate that an affidavit served under section 18.001 is 'purely procedural' and does not amount to conclusive evidence of the expenses."). When a federal court exercises diversity jurisdiction over state-law claims, the court applies "state substantive law as stated in the final decisions of the state's highest court." *Baker v. RR Brink Locking Sys., Inc.*, 721 F.3d 716, 717 (5th Cir. 2013). The Texas Supreme Court has repeatedly stated that § 18.001 is purely procedural, and thus it is not necessary to address the twin aims of the *Erie* doctrine. Moreover, the court in *Rahimi* made an "*Erie* guess" when it allowed § 18.001 affidavits because the Texas Supreme Court had not yet addressed § 18.001. *Rahimi*, 474 F. Supp. 2d at 827 n.2. Because the Texas Supreme Court has now held that § 18.001 is a procedural rule, the statute is inapplicable in federal court.

The Court recognizes that other courts in this district have allowed § 18.001 affidavits after the decision in *Haygood*.[1] However, only two of these courts acknowledged the Texas Supreme

---

[1] *See, e.g.*, *Carreon v. King*, 2016 WL 7669514, at *1 & n.1 (N.D. Tex. May 5, 2016) (Toliver, M.J.) (applying § 18.001 in a negligence case); *Eagle Suspensions Inc. v. Hellman Worldwide Logistics, Inc.*, 2015 WL

Court's characterization of § 18.001 as purely procedural. *See Gorman v. ESA Mgmt., LLC*, 2018 WL 295793, at *1–2 (N.D. Tex. Jan. 4, 2018) (Fitzwater, J.); *Butler v. United States*, No. 3:15-cv-2969-M, ECF No. 41, at 3–4 (N.D. Tex. June, 2, 2017) (Lynn, C.J.) (order). The court in *Gorman* only provided a "but see" citation to *Holland* and *Haygood* rather than addressing the Texas Supreme Court's characterization head-on. *See Gorman*, 2018 WL 295793, at *1. The court in *Butler* also allowed § 18.001 affidavits and rejected the notion that the Texas Supreme Court's characterization precludes § 18.001 from applying in federal court. *Butler*, No. 3:15-cv-2969-M, ECF No. 41, at 3–4. The Court respectfully declines to follow these opinions given the explicit direction from the Texas Supreme Court that § 18.001 is a purely procedural law.

## IV.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion to Determine the Applicability of Texas Civil Practice & Remedies Code § 18.001 (Doc. 52).

SO ORDERED.
SIGNED: May 29, 2019.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

252442, at *5 & n.12 (N.D. Tex. Jan. 20, 2015) (Fish, J.) (allowing § 18.001 affidavits to support the plaintiff's claim for reasonable attorneys' fees in a breach of contract claim); *Bowman v. Cheeseman, LLC*, 2014 WL 11515575, at *1 (N.D. Tex. Dec. 9, 2014) (Godbey, J.) (declining to strike § 18.001 affidavits and counter-affidavits).