UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN L. BAIRD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-2000-B |
| | § | |
| OTGONBAATAR SHAGDARSUREN | § | |
| & DBN CARRIER, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Kevin L. Baird's Motion as to the Non-Applicability of Texas Civil Practice and Remedies Code § 18.091 (Doc. 58). Plaintiff requests that this Court hold that § 18.091 is inapplicable in this personal-injury case. Having considered the Motion, the filings, and the relevant law, the Court **DENIES** the Motion for the following reasons.

## I.

## BACKGROUND

This is a motor-vehicle injury case by Plaintiff Kevin L. Baird to recover from Defendants Otgonbaatar Shagdarsuren and DBN Carrier. Doc. 1, Notice of Removal, 1. Plaintiff originally sued Defendants in the County Court at Law No. 3 of Dallas County, Texas, and Defendants removed the case to this Court based on diversity jurisdiction. *Id.*

Plaintiff now requests that the Court hold that Texas Civil Practice & Remedies Code § 18.091 is not applicable to Plaintiff's presentation of lost wages and loss of earnings capacity. Doc. 58, Pl.'s Mot., 1. Defendants have since responded (Doc. 60), and as the time for a reply has passed,

- 1 -

the Court now addresses the issue.

## II.

## LEGAL STANDARD

The primary objective in statutory interpretation is to effectuate the Texas Legislature's intent. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). The best expression of legislative intent is the plain meaning of the text unless the plain meaning leads to absurd or nonsensical results. *Id.* Courts reject interpretations of a statute that defeat its purpose so long as other interpretations are reasonable. *Nootsie Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996).

## III.

## ANALYSIS

Plaintiff wishes to exclude § 18.091 from this case to potentially receive a greater damages award. With § 18.091, Plaintiff is required to present his lost wages and future income *after*-tax. Without § 18.091, Plaintiff could present his lost wages and future income *pre*-tax. Therefore, Plaintiff could present and receive a greater damages award if the Court were to find that § 18.091 is inapplicable.

Texas Civil Practice & Remedies Code § 18.091 is a two-part section describing how certain damages calculations must be presented to the jury and how the Court is to instruct the jury regarding such damages. Tex. Civ. Prac. & Rem. Code § 18.091. Subsection (a) describes under what circumstances a party must deduct the cost of taxes from a damages request:

> Notwithstanding any other law, if any claimant seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, evidence to prove the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

*Id.* § 18.091(a). Subsection (b) requires the Court to instruct the jury as to whether any of the compensatory damages that Plaintiff seeks are subject to federal or state income taxes if Plaintiff seeks recovery for any of the losses described in § 18.091(a). *Id.* § 18.091(b).

Under the Internal Revenue Code, personal-injury damages recovered in a lawsuit are not taxed. I.R.C. § 104(a)(2). Plaintiff also cites a U.S. Supreme Court case to reiterate that recoveries for lost wages "on account of personal injuries" are excluded from taxable income. Doc. 59, Pl.'s Br., 2 (quoting *Comm'r of Internal Revenue v. Schleier*, 515 U.S. 323, 329–30 (1995)). Both parties agree that personal-injury damages are not taxed. Doc. 59, Pl.'s Br., 1–2; Doc. 60, Defs.' Resp., 2. However, Plaintiff contends that the language "notwithstanding any other law" and "pursuant to any federal income tax law" in § 18.091(a) renders the statute inapplicable because personal-injury damages are not federally taxed. *Id.* at 1–2 (quoting Tex. Civ. Prac. & Rem. Code 18.091(a)). Thus, Plaintiff argues that he is not required to present his lost income in an after-tax form. *Id.* at 3.

Plaintiff's interpretation of § 18.091 is not supported by the text of the statute, and Plaintiff offers no authority that has applied § 18.091 according to his interpretation. The phrase "notwithstanding any other law" is a conflict-of-law provision indicating that the Texas Legislature intended § 18.091 to be controlling. *See In re Lee*, 411 S.W.3d 445, 454 (Tex. 2013) (citing *Molinet*, 356 S.W.3d at 413–14) (interpreting "notwithstanding any other law" in a different statute). If a state law conflicts with federal law, the state law is preempted. U.S. Const. art. VI, cl. 2. Here, however, § 18.091 does not conflict with the Internal Revenue Code. The statute does not say that personal-injury damages must be taxed or presented in an after-tax form. *See* Tex. Civ. Prac. & Rem. Code § 18.091. Rather, because personal-injury damages are not taxed, § 18.091(a) requires Plaintiff

to present his lost income after-tax to prevent him from evading income taxes simply by being involved in a lawsuit. *See* I.R.C. § 104(a)(2); Tex. Civ. Prac. & Rem. Code § 18.091(a). The plain text of § 18.091(a) requires only certain income that would be taxed outside of litigation "pursuant to any federal income tax law" to be presented in an after-tax form. Tex. Civ. Prac. & Rem. Code § 18.091(a). Then, § 18.091(b) requires the Court to instruct the jury that the requested recovery has been presented after-tax so the jury knows not to make any further adjustments to the award for tax purposes. *Id.* § 18.091(b). The applicability of § 18.091 is not precluded merely because the damages award for personal injuries is not taxed (a point that is undisputed), nor has the Court found any authority to the contrary. In fact, various federal courts in Texas have applied § 18.091 specifically to motor-vehicle injury cases.[1]

Plaintiff's interpretation of § 18.091 also directly contradicts the purpose of the statute. Section 18.091 was enacted as a part of comprehensive civil-justice-reform legislation designed to correct many problems in Texas courts, including the general increase in jury awards. Bill Analysis, Tex. H.B. 4, 78th Leg., R.S. (2003). To address this problem, § 18.091 requires a court to instruct the jury as to whether it should account for taxes rather than allowing the jury to increase awards under the assumption that any award would be taxed. *See* Jennifer Bruch Hogan & Richard P. Hogan Jr., *Charging the Jury in Changing Times*, 46 S. Tex. L. Rev. 973, 1002–03 (2005) (discussing § 18.091

---

[1] *See, e.g.*, *Stewart v. Hankins*, 2016 WL 7971300, at *3 n.3 (E.D. Tex. Sept. 2, 2016) (noting that an expert's report was prepared per § 18.091 in a motor-vehicle injury case); *Patschke v. United States*, 2013 WL 5441975, at *10 (W.D. Tex. Sept. 27, 2013) (applying § 18.091 to calculate lost earnings in a motor-vehicle injury case); *Sowders v. TIC United Corp.*, 2007 WL 9701452, at *2 (W.D. Tex. Jan. 5, 2007) (denying the plaintiff's request to exclude any reference to whether damages would be subject to taxes in a motor-vehicle injury case based on § 18.091).

and the jury's propensity to "gross up" awards it believes will be taxed).[2] Moreover, given the absence of Texas Supreme Court guidance regarding § 18.091, the Court defers to the prevailing view of the state intermediate courts unless the Court is convinced that the Texas Supreme Court would decide otherwise. *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 165 (5th Cir. 2016) (internal citations omitted). The prevailing view among Texas appellate courts is that the purpose of § 18.091 is to prevent a plaintiff from "obtaining a windfall by being awarded pretax income on awards that are not subject to taxation." *See Cowboys Concert Hall-Arlington, Inc. v. Jones*, 2014 WL 1713472, at *16 (Tex. App.—Fort Worth 2014, pet. denied) (citing *Big Bird Tree Servs. v. Gallegos*, 365 S.W.3d 173, 179 (Tex. App.—Dallas 2012, pet. denied)). Plaintiff's interpretation would allow any injured plaintiff to present and receive tax-free wages and future income in damages awards that are not subject to taxation. *See* I.R.C. § 104(a)(2). Plaintiff's interpretation directly contradicts the purpose of § 18.091 and renders the statute ineffective.

**IV.**

**CONCLUSION**

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion as to the Non-Applicability of Texas Civil Practice & Remedies Code § 18.091 (Doc. 58).

**SO ORDERED.**

**SIGNED: June 7, 2019**.

JANE J. BOYLE
UNITED STATES DISTRICT

---

[2] The article notes that while § 18.091 may cause confusion in non-personal-injury cases where the damages award may indeed be taxed, the statute functions as designed in personal-injury lawsuits. *Id.*